# NRAI SERVICES, INC.

*HP01692*
*SSN:*
*201455644*

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  Tina Vincelli
     SeilerSchindel, PLLC
     7900 Highway 7
     Suite 350
     Minneapolis, MN 55426

SOP Transmittal # **524692995**

954-473-5503 - Telephone

Entity Served:  PINNACLE CREDIT SERVICES, LLC (Domestic State: MINNESOTA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by NRAI Services, Inc. or its Affiliate in the State of FLORIDA on this 02 day of April, 2014. The following is a summary of the document(s) received:

1. **Title of Action:**  David Bauer, Pltf. vs. Commercial Recovery Systems, Inc. and Pinncle Credit Services, LLC, Dfts.

2. **Document(s) Served:**  COMPLAINT,SUMMONS
   Other: Attachment(s)

3. **Court of Jurisdiction/Case Number:** Hillsborough County Circuit Court, FL
   Case # 13CA14027

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   _X_ Personally served by:          _X_ Process Server          ___ Deputy Sheriff          ___ U. S Marshall

   ___ Delivered Via:          ___ Certified Mail          ___ Regular Mail          ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:**  04/02/2014 03:15:00 PM CST

7. **Appearance/Answer Date:**  Within 20 days after service, exclusive of the day of service

8. **Received From:**  Timothy Condon          **9. Federal Express Airbill #** 798425109356
   307 S. Fielding Ave.
   #2                                        **10. Call Made to:** Not required
   Tampa, FL 33606
   813-251-2626

11. **Special Comments:**
SOP Papers with Transmittal, via  Fed Ex 2 Day

**NRAI SERVICES, INC.**                    **CopiesTo:**

Transmitted by Donna Moch

The information contained in this Summary Transmittal Form is provided by NRAI Services, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

DAVID BAUER

Case No.: 13-CA-14027

Division: J

Plaintiff(s)/Petitioner

Vs
COMMERCIAL RECOVERY SYSTEMS,

INC., and PINNACLE CREDIT SERVICES,

LLC,

Defendant(s)

TRUE COPY
SERVED
DATE
CERTIFIED SHERIFF
APPOINTED PROCESS
SERVER
CIRCUIT

**SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

 **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s) Pinnacle Cred. Svcs, LLC, c/o NRAI Svcs., Inc., 1200 S. Pine Is. Rd., Plantation, FL 33324

 Each defendant is required to serve written defenses to the complaint or petition on  Tim Condon , plaintiff's attorney, whose address is 307 S. Fielding Ave., #2, Tampa, FL 33606  within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on March 25, 2014

/s/ Tim Condon

Printed: Tim Condon
Attorney for David Bauer
307 S. Fielding Ave., #2
Tampa, FL 33606
Address
Florida Bar No.: 217921

PAT FRANK
As Clerk of the Court

By: _____
As Deputy Clerk
(813) 757-3918 ext. _____

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

 **If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a). Summons (06/10)

SS # 160593

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY, CIVIL ACTION

DAVID BAUER,

      Plaintiff,

vs.                             CASE NO.: 13-CA-14027

COMMERCIAL RECOVERY SYSTEMS, INC.
and PINNACLE CREDIT SERVICES, LLC;

      Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff David Bauer sues defendants Commercial Recovery Systems, Inc., and Pinnacle
Credit Services, LLC, and says:

## PART I: ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### INTRODUCTION

1. This is a lawsuit for damages which exceed $15,000; it is brought by an individual
consumer for violations of the Florida Consumer Collection Practices Act, §559.55, *et seq.*, Fla.
Stat. ("FCCPA") and the federal Telephone Consumer Protection Act, 47 U.S.C. § 227
("TCPA").

2. The FCCPA prohibits all persons from engaging in abusive, deceptive and unfair
practices while collecting or attempting to collect consumer debts. The debt sought to be
collected by the defendant herein was a consumer debt.

3. The TCPA prohibits all persons from making unauthorized telephone calls to any
person's cellular telephone.

4. The plaintiff has retained the below-signed attorney and is obligated to pay him a reasonable fee for his services.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff David Bauer ("Bauer" or "plaintiff") is a natural person residing in Hillsborough County, Florida; he is a "consumer" as defined by the FCCPA.

6. Defendant Commercial Recovery Systems, Inc. ("CRS" or "defendant") is a Texas corporation doing business in Florida, with its principal place of business being Dallas, Texas.

7. Defendant Pinnacle Credit Services, LLC ("Pinnacle") is a Minnesota corporation doing business in Florida, with its principal place of business being Minneapolis, Minnesota.

8. CRS and Pinnacle are subject to the jurisdiction of this court pursuant to § 48.193, Florida Statutes.

9. The FCCPA mandates that "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." § 559.77(5), Fla. Stat.

10. Pinnacle is a "debt collector" within the meaning of the federal Fair Debt Collection Practices Act ("FDCPA").

## FACTUAL BACKGROUND

11. At some time prior to June 2008 Bauer was issued a Mastercard credit card account by Citibank, N.A. ("Citibank").

12. At some point after June 2008 the Mastercard account went into default.

13. At some point in late 2009 or early 2010 Pinnacle purchased the Mastercard account from Citibank, and at some point thereafter Pinnacle hired CRS to attempt collection.

14. Pinnacle is vicariously liable for violations of the FCCPA and/or TCPA committed by

CRS.

## PART II: CAUSES OF ACTION

## A. CLAIMS FOR VIOLATIONS OF THE FCCPA

15. Paragraphs 1 through 14 are hereby realleged and incorporated herein.

16. **AUGUST 16, 2012:** On or about August 16, 2012 Bauer spoke to a representative of CRS on the phone, at which time the CRS representative made various statements that violated the FCCPA, including the following:

    a. **FALSE STATEMENT:** A "judge has already ruled against you....I'm telling you, you're gonna get a rude awakening when it comes tax time, and you don't get your taxes. David, they're going to swipe 'em....You're talking about ten thousand bucks. It's gonna be gone....You file your taxes, they're going to snatch your taxes" In fact, there had been no lawsuit, and no judge in any court had "ruled against" Bauer with respect to the debt; nor did CRS have any legal right as a result of the purported "judicial ruling" to forward information about the debt to the Internal Revenue Service which would result in Bauer being charged $10,000. Both statements are false, and violate the FCCPA at § 559.72(9) by asserting "the existence of some...legal right when [CRS] knows that the right does not exist."

    b. **FALSE STATEMENT:** At the above date and time the CRS representative also stated as follows: "I have to send information over to your city and state....I'm going to send the information over, they look at it, they're going to take out 25 percent of garnished wages. Or, you won't get your taxes." In fact, because there had been no "judicial ruling" regarding the debt, CRS knew that it had no right to garnish the Bauer's wages, thus violating the FCCPA again at § 559.72(9) by asserting "the existence of some...legal right when [CRS] knows that the right does not exist."

17. **NOVEMBER 20, 2012:** On or about November 20, 2012 CRS called Bauer on his cellular telephone number at 239-222-6566 in an attempt to collect a debt, and left a voicemail message ("the message") that violated the FCCPA at § 559.72(9) by asserting legal rights that it knew did not exist, as follow:

a. **FALSE STATEMENT:** CRS falsely asserted in the message that it had a legal right to assume and in fact was assuming that Bauer was "waiving rights" relating to "allegations of intentional deceit [and] willful deliberate misuse and abuse of services"; CRS had no legal right to assert that Bauer was waiving any legal rights, particularly with respect to "allegations of intentional deceit [and] willful deliberate misuse and abuse of services." Furthermore, CRS had no legal right to misrepresent the debt as being related to "intentional deceit" or "willful deliberate misuse and abuse of services"; in fact, the statute of limitations for the Mastercard debt had expired, and no account or agreement for "services" was involved.

b. **FALSE STATEMENT:** CRS also falsely asserted in the message that it had a legal right to make a legal claim against Bauer for "intentional deceit, willful deliberate misuse and abuse of services," at a time when the statute of limitations had in any event expired on any debt that existed.

18. Under the FCCPA the defendants are liable to the plaintiff for maximum statutory damages of $1,000 for each of the above violations which occurred on different dates, plus attorney's fees and costs.

WHEREFORE, plaintiff demands judgment for $2,000 against CRS and Pinnacle, together with costs and attorney's fees.

## B. CLAIMS FOR VIOLATIONS OF THE TCPA

19. Paragraphs 1 through 14 are hereby realleged and incorporated herein.

20. On or about July 13, 2012 CRS obtained Bauer's cellular telephone number of 239-222-6566 from Bauer's credit report that had been ordered from Experian Information Solutions, Inc. ("Experian"); Bauer's telephone number was clearly identified on the report as a cellular phone number.

21. Bauer never provided his cellular telephone number to either Citibank or Pinnacle with respect to the Mastercard account.

22. Despite the above facts, on or about July 16, 2012 CRS began making repeated calls to Bauer's cell phone number using automated dialing equipment and/or prerecorded messages.

23. In addition to the fact that CRS knew from Bauer's credit report that it was calling his cell phone number, at all times material to this action Bauer's outgoing cell phone voicemail message also informed callers that they had reached his "personal cell phone," as follows:

> **Hi, YOU'VE REACHED THE PERSONAL CELL PHONE FOR DAVE BAUER. Please do not leave a message here as this mailbox is not checked, nor is it monitored. Please do give me a call at area code 813-298-0280; again, the number is area code 813-298-0280. Again this message, uh, this mailbox rather, is not checked, nor is it monitored so I will not get your message if you leave one here. Please call me. 813-298-0280. Thank you, good day.** (capitalized emphasis added)

24. At least 43 calls were by CRS to Bauer's cell phone number using automatic dialing equipment and/or prerecorded messages in violation of 47 U.S.C. § 227(b)(1)(A)(iii); the total number of such calls is not known to Bauer but is well known to CRS.

25. Pursuant to 47 U.S.C. § 227(b)(3), entities that violate the TCPA are liable for a statutory damage award of $500 for each call made, an amount that may be increased to $1,500 if the court finds the calls were made "willfully or knowingly."

26. It is clear that the automated calls made by CRS to Bauer's cellular telephone number

were made willfully or knowingly for the following reasons:

a. CRS was and is well aware of the requirements and prohibitions of the TCPA, as it had been sued under the statute multiple times in the past;

b. CRS knew that it was calling Bauer's cellular telephone number because the Experian credit report of July 13, 2012 identified the number called as a "Cellular" number;

c. CRS knew that it was calling Bauer's cellular telephone number because his outgoing voicemail message started with the words of "Hi you've reached the personal cell phone for Dave Bauer."

27. Because CRS was aware of the provisions of the TCPA and knew that it was calling Bauer at his cellular phone number, the calls were made "knowingly or willfully" within the meaning of the TCPA; accordingly, the Court should award $1,500 for each of the 43 or more calls made in violation of the TCPA.

WHEREFORE, plaintiff demands judgment against CRS and Pinnacle for statutory damages of $1,500 for each of the calls made to him in violation of the TCPA, for a total of at least $64,500.

## PART III: AD DAMNUM

IN SUMMATION, plaintiff David Bauer demands judgment against defendants Commercial Recovery Systems, Inc. and Pinnacle Credit Services, LLC for damages as follow:

a. FCCPA STATUTORY DAMAGES: $2,000 for violations of the FCCPA;

b. FCCPA EQUITABLE RELIEF: Equitable relief enjoining the defendants from further violations of the FCCPA;

c. TCPA STATUTORY DAMAGES: At least $64,500 in statutory damages for violations of the TCPA; and

d. <u>FEES AND COSTS</u>: Attorneys' fees and costs pursuant to the FCCPA.

<u>s/ Timothy Condon</u>
TIMOTHY CONDON, ESQ. - FBN 217921
307 S. Fielding Ave., #2, Tampa, FL 33606
Phone: 813-251-2626    Fax: 813-200-3395
Email address:  timcondonlaw@gmail.com
ATTORNEY FOR PLAINTIFF

**NRAI Packing Slip**

NATIONAL REGISTERED AGENTS, INC.
An NRAI Solutions Company

**FedEx Tracking # :** 798425109356
**Created By :** Vishal Vasiyani
**Created On :** 04/02/2014 04:14 PM
**Recipient :**

**Tina Vincelli**

Title :   –
Customer :   Seiler Schindel, PLLC
Address :   7900 Highway 7
Email :   TVincelli@SeilerSchindel.com
Phone :   952-358.7400      Fax :   –

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|-------|--------|-------------|
| 524692995 | 13CA14027 | PINNACLE CREDIT SERVICES, LLC |