IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

DAVID BAUER,

    Plaintiff,

vs.                                  CASE NO.: 14-CV-991-VMC-TGW

COMMERCIAL RECOVERY SYSTEMS, INC.,

    Defendant.
_____/

NOTICE OF COMPLIANCE WITH COURT'S ORDER
AND MOTION FOR VOLUNTARY DISMISSAL

    Plaintiff David Bauer hereby complies with the Court's Order entered herein on March 15, 2015, and further moves the Court for voluntary dismissal, stating as follows:

    1. On March 15, 2015 the plaintiff filed a status report indicating that a final plan of reorganization had been approved by the bankruptcy court in the Chapter 11 bankruptcy action filed by defendant Commercial Recovery Systems, Inc. ("CRS") on November 19, 2013 in the United States Bankruptcy Court for the Eastern District of Texas ("the bankruptcy court").

    2. By endorsed order entered on March 15, 2015 the Court directed the plaintiff to "file a Notice on or before March 23, 2015, explaining how this development impacts the case presently before this Court.".

    3. By way of compliance with the Court's order, the plaintiff states that pursuant to the Chapter 11 plan of reorganization approved by the bankruptcy court on March 11, 2015, and in accordance with the bankruptcy automatic stay, this action could not proceed without application to and permission given by the bankruptcy court.

4. The plaintiff has decided to move to voluntarily dismiss this action. Accordingly, the plaintiff hereby moves the Court pursuant to Fed.R.Civ.P. 41(a)(2) for an order of voluntary dismissal in the above action.

### MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL

Fed.R.Civ.P. 41(a)(2) states in pertinent part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The 11th Circuit has ruled that "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). [I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result. The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir., 2001) (internal citations and quotation marks omitted).

WHEREFORE, plaintiff moves the Court to enter an order granting this motion for voluntary dismissal of the above-captioned action.

### CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)

Movant counsel hereby certifies that he has made a bona fide effort to confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the above motion, and that opposing counsel has indicated that there is NO OPPOSITION to the motion.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2015  I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the

foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

 s/ Timothy Condon
TIMOTHY CONDON, ESQ.   FBN 217921
307 S. Fielding Ave., #2, Tampa, FL  33606
Telephone 813-251-2626 Fax 813-200-3395
Email timcondonlaw@gmail.com
ATTORNEY FOR PLAINTIFF